## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | **Chapter 7** |
| | ) | |
| **BRUCE J. TEITELBAUM** | ) | **Case No. 10 B 19651** |
| | ) | |
| Debtor. | ) | **Hon. A. Benjamin Goldgar** |
| | ) | |
| | ) | |
| | ) | |

## SIXTH AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SAUL EWING ARNSTEIN & LEHR LLP AS COUNSEL TO THE TRUSTEE

Kevin H. Morse and the law firm of Saul Ewing Arnstein & Lehr LLP (collectively, "SEA&L"),[1] counsel for Ilene F. Goldstein, not individually but solely in her capacity as Chapter 7 Trustee for the estate of Bruce J. Teitelbaum (the "Trustee"), pursuant to 11 U.S.C. § 330, applies to this Court for an entry of an order: (a) allowing and approving compensation to SEA&L in the amount of $7,328.50 for legal services rendered during the period November 1, 2015 through April 30, 2017 and reimbursement to SEA&L in the amount of $97.94 in expenses; and (b) approving on a final basis compensation to SEA&L in the amount of $89,176.00 for legal services rendered during the period July 1, 2011 through April 30, 2017, and reimbursement to SEA&L in the amount of $1,765.42 for expenses incurred in connection with such services (the "Final Fee Application"). In support thereof, SEA&L respectfully states as follows:

### BACKGROUND

1.      On April 30, 2010 (the "Petition Date"), Bruce J. Teitelbaum (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"). On the Petition Date, the Trustee was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

---

[1] On September 1, 2017, Arnstein & Lehr LLP combined with Saul Ewing LLP to form Saul Ewing Arnstein & Lehr LLP.

2.      On July 15, 2011, this Court entered an Order Authorizing the Trustee to Employ [SEA&L] as Special Counsel retroactive to May 1, 2011 to seek turnover of the Refunds (defined below) and any further owed state and federal refunds [ECF 126].

3.      On January 26, 2012, this Court entered an Order Authorizing the Expanded Employment of [SEA&L] as Counsel for the Trustee retroactive to November 28, 2011, authorizing SEA&L to represent the Trustee in all pending and future matters, including settlement, negotiation and litigation [ECF 146].

4.      Prior to the Petition Date, the Debtor was a major real estate developer with holdings in over one hundred thirty (130) limited liability companies and limited partnerships. The Debtor's bankruptcy schedules also list interests in various trusts, several of which have been adjudicated by this Court as non-exempt assets (collectively, the "Interests").

5.      On October 24, 2011, Northside Community Bank filed an adversary proceeding against, *inter alia*, the Trustee and the Debtor to determine the validity, priority, and extent of liens on the Debtor's personal property. On June 1, 2012, the Court entered an order approving the settlement of Northside Community Bank's claims in exchange for a $50,000 administrative claim [Dkt. No. 157].

6.      After the resolution of litigation with Northside Community Bank, the Trustee discussed the sale of the Interests and related properties with potential purchasers.  This involved a detailed analysis of the various operating agreements and trust agreements for companies in which the Estate owns the Interests.  During that period, SEA&L has explored the potential sale of the estate's numerous interests in business entities and real property.  SEA&L communicated on behalf of the Trustee with potential purchasers regarding the potential sale of the estate's equity interests and/or real property owned through the various LLCs.

7.      SEA&L also recovered $185,000 for the benefit of the estate in a settlement of the Trustee's claims against the Debtor. On November 30, 2012, the Court entered an order approving the settlement with the Debtor and his wife [Dkt. No. 165].

8.      SEA&L also concluded an extensive settlement of all remaining interests in common properties with the Chapter 11 trustee for Dvorkin Holdings, LLC (the "Dvorkin Settlement").   On October 24, 2014, this Court approved the Dvorkin Settlement and, on November 21, 2014, the Dvorkin Settlement was also approved in the Dvorkin Holdings, LLC bankruptcy case.  The Dvorkin Settlement provided an additional $300,000 to the Teitelbaum estate.   Additionally, the Trustee entered into negotiations with the Dvorkin Holdings trustee regarding property located in Lombard, Illinois.   The Dvorkin trustee's proposed sale of the property would have created an enormous tax burden for this bankruptcy estate.   On May 29, 2015, the Court entered an order authorizing the Trustee to abandon the estate's interests in the Lombard property to protect the estate's assets.

9.      The Trustee has also received significant funds from the dissolution and sale of the estate's equity interests.   SEA&L obtained $7,000 from the dissolved limited liability company 445 Ventures, LLC in which the Debtor, through BT Holdings, LLC, had previously held an equity interest.  SEA&L also negotiated and finalized the sale of the bankruptcy estate's interest in Crapshooter LLC.  On July 31, 2015, the Court entered order authorizing the Trustee to sell the estate's equity interests in Crapshooter LLC for $65,000.  The sale of Crapshooter closed on September 22, 2015. On April 13, 2016, the Trustee filed a Report of Sale with respect to the sale of Crapshooter.  SEA&L's services have increased the estate's assets by more than $455,000 and avoided significant tax repercussions through the abandonment of other assets.

### Narrative Summary of Services

10.     In addition to the detailed background facts above, a narrative summary of the services rendered by SEA&L is set forth below.   Itemized and detailed descriptions of the specific services rendered by SEA&L to the Trustee are reflected on the billing statement attached hereto as Exhibit A.   The billing statement sets forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

i.     Prior Fee Applications

11.     On June 1, 2012, this Court entered an Order granting SEA&L's first interim application for allowance of fees and reimbursement of costs (the "First Fee Application").   The First Fee Application authorized the Trustee to pay SEA&L $15,128.50 in interim compensation and $30.60 for reimbursement of costs.   SEA&L has been paid in full for the First Fee Application.

12.     On December 21, 2012, this Court entered an Order granting SEA&L's second interim application for allowance of fees and reimbursement of costs (the "Second Fee Application"). The Second Fee Application authorized the Trustee to pay SEA&L $19,338.50 in interim compensation and $763.80 for reimbursement of costs [ECF 166]. SEA&L has been paid in full for the Second Fee Application.

13.     On December 13, 2013, this Court entered an Order granting SEA&L's third interim application for allowance of fees and reimbursement of costs (the "Third Fee Application"). The Third Fee Application authorized the Trustee to pay SEA&L $10,879.00 in interim compensation and $178.85 for reimbursement of costs [ECF 175].   SEA&L has been paid in full for the Third Fee Application.

14.     On January 9, 2015, this Court entered an Order granting SEA&L's fourth interim application for allowance of fees and reimbursement of costs (the "Fourth Fee Application"). The Fourth Fee Application authorized the Trustee to pay SEA&L $17,524.50 in interim compensation and $60.24 for reimbursement of costs [ECF 185].  SEA&L has been paid in full for the Fourth Fee Application.

15.     On December 4, 2015, this Court entered an Order granting SEA&L's fifth interim application for allowance of fees and reimbursement of costs (the "Fifth Fee Application"). The Fifth Fee Application authorized the Trustee to pay SEA&L $18,977.00 in interim compensation and $633.99 for reimbursement of costs [ECF 192]. SEA&L has been paid in full for the Fifth Fee Application.

ii.     Final Fee Application

16.     The fees and time expended by each billing professional is set forth below and summarized as follows:

| Attorney / Professional | Specialty | Hours | 2015-2017 Average Hourly Rate | Total Fees |
|---|---|---|---|---|
| Kevin H. Morse (KHM) | Bankruptcy | 15.3 | $364.74 | $5,592.50 |
| William A. Williams (WAW) | Bankruptcy | 5.8 | $299.31 | $1,736.00 |
| | TOTALS: | 15.9 | | $7,328.50 |

17.     The hourly rates listed above are customary and reasonable and are the same hourly rates charged to SEA&L's non-bankruptcy clients for various other matters.

18.     During the period from November 1, 2015 through April 30, 2017, SEA&L rendered the following actual and necessary services to the Trustee and the Debtor's bankruptcy estate:

A.      Drafting the Fifth Fee Application and proposed order, along with calculating applicable costs;

    B.      Travelling to and attending court in Round Lake Beach to present the fifth interim fee application;

    C.      Researching the value of the Debtor's various property interests;

    D.      Multiple correspondence and negotiations with potential purchasers, Trustee, and accountant regarding the purchase of various real property and business interests held by the Estate;

    E.      Preparing Report of Sale with respect to sale of membership interest in Crapshooters, LLC;

    F.      Multiple telephone calls and email correspondence with the Trustee regarding the closing of the Estate.

    G.      Drafting the Final Fee Application and proposed order, along with calculating applicable costs; and

    H.      All other services requested and required for the administration of the chapter 7 bankruptcy estate.

19.    There has been no duplication of services, either by partners or associates of SEA&L. When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work.

20.    Exhibit A also lists related expenses. SEA&L seeks $97.94 in expenses as summarized below and set forth in Exhibit A:

| Expense Category | Cost: |
|---|---|
| Rental Car | $45.84 |
| Postage | $52.10 |
| **Total** | **$97.94** |

21.    SEA&L respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under

Chapter 7, and that time has been fairly and properly expended.  The Trustee has reviewed and approved the fees and costs requested during this fifth and final period.

22.     SEA&L expended a total of 21.10 hours for the services provided to the Trustee during the period from November 1, 2015 through April 30, 2017.  Based on the hourly charges of SEA&L set forth above, SEA&L requests that the Court allow and approve compensation to SEA&L in the amount of $7,328.50 for legal services rendered during that period, and reimbursement to SEA&L in the amount of $97.94 for expenses incurred in connection therewith. SEA&L further requests the Court to approve on a final basis compensation to SEA&L in the amount of $89,176.00 for legal services rendered during the period July 1, 2011 through April 30, 2017, and reimbursement to SEA&L in the amount of $1,765.42 for expenses incurred in connection with such services pursuant to Sections 330 and 331 of the Bankruptcy Code.

23.     Pursuant to this Court's order limiting notice, a copy of the Application has been sent to the Debtor, the Trustee, all parties that filed a claim in the bankruptcy case, the thirty largest unsecured creditors and all parties receiving notice by the Court's ECF system, including the United States Trustee.

WHEREFORE, Saul Ewing Arnstein & Lehr LLP respectfully requests that the Court enter an Order:

(A)     Allowing and awarding SEA&L compensation in the amount of $7,328.50 for actual and necessary professional services rendered during the period from November 1, 2015 through April 30, 2017;

(B)     Allowing and awarding SEA&L reimbursement in the amount of $97.94 for actual and necessary costs and expenses incurred during the period from November 1, 2015 through April 30, 2017;

7

(C)    Approving on a final basis compensation to SEA&L in the amount of $89,176.00

and reimbursement of expenses in the amount of $1,765.42 during the period

from July 1, 2011 through April 30, 2017; and

(D)    Granting such other and further relief as the Court deems just and proper.

> SAUL EWING ARNSTEIN & LEHR LLP, counsel for ILENE F. GOLDSTEIN, not individually, but solely in her capacity as Chapter 7 Trustee for Bruce J. Teitelbaum
>
> By: _____/s/ *Kevin H. Morse*_____
>                  One of its attorneys
>
> Kevin H. Morse (06297244)
> SAUL EWING ARNSTEIN & LEHR LLP
> 161 N. Clark Street, Suite 4200
> Chicago, IL 60601
> Telephone: 312-876-7100
> Facsimile: 312-876-0288