**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-19651 |
| | ) | |
| Bruce Teitelbaum | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period June 2, 2010 to March 15, 2018. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $26,630.00 for 80.80 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $756.60 for reimbursement of expenses incurred in connection with its legal services. This is IFG Chtd. first and final request for compensation.

In support of its application, IFG Chtd. respectfully states as follows:

**BACKGROUND**

1. On April 30, 2010, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy

Trustee for the Bankruptcy Estate of Bruce Teitelbaum.

3. Through her administration and liquidation of the Estate, Trustee has amassed over $739,303.66 of which $420,316.77 is available to the Estate.

Subject to the above other than attorney and potential accountant fees which applications are on file, there are no accrued unpaid administrative expenses.

## INTRODUCTION

4. Counsel for the Trustee analyzed various Trusts , competing secured claims and claims filed.  The Trustee hired special counsel to assist in tax matters and thereafter expanded that representation to additional matters.  IFG  Chtd. Has not billed for any legal time since the time that special counsel's retention was expanded with the exception of minor billing for some tax matters(3 Hours) motion to limit notice (1 hour) and claim issues which IFG Chtd handled exclusively.  As to the claim matters IFG Chtd  only became involved after the Trustee identified nine  claims  which required legal analysis.  Through the work of IFG Chtd those claims were reduced by $14,663,676.00 which is  discussed more specifically below.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On July 23, 2010 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactively to June 2, 2010.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein. In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed. However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A. The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on

which such service was rendered and a description of the nature of the services rendered. Also attached is a summary of the fees and costs expended in each category of activity.

### ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9. IFG Chtd. incurred expenses in the amount of $756.60 in connection with its representation of the Trustee during the period June 2, 2010 to March 15, 2018 for which it now requests reimbursement. IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989). IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries. An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit B. IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the

exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## **NATURE OF SERVICES PERFORMED BY IFG CHTD.**

**Claims/ Legal Anaysis/ Objections:**

10. After the Trustee reviewed Claims she identified nine claims that required legal analysis and asked Counsel for the Trustee to legally resolve Claims. The original group of claims was over $39,000,000.00 . Counsel for the Trustee was able to determine that there were many claims for guarantees as well as claims that were supported by collateral. There were also co debtors. Much of the collateral was held in numerous companies for which the Debtor was a guarantor. Counsel for the Trustee unraveled the claims amount by viewing the identified claims and requested documents, researched documents, modifications of the stay, foreclosures and co debtors to obtain possible other reduction in the claims. They were able to eliminate the Bank of America claim which was $9,697,540.85 and the Marquette Bank claim in the amount of $2,134,499.90. In other instances they reduced some claims by $700,000.00 to as much as $1.3 million dollars . Counsel for the Trustee was successful through their analysis and the claims

objection process of eliminating or reducing claims by just under $15,000,000.00. Counsel for the Trustee also conferred with other claimants counsel in an effort to resolve claims.

In connection with the above services, IFG Chtd. expended 24.00 hours, for which it seeks compensation in the amount of $8,400.00 for fees and $1,039.25 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 24.00 hours | $350.00 | $8,400.00 |
| TOTAL | 24.00 hours | | $8,400.00 |
| | | Expenses | $ 134.75 |
| | | Total | $8,534.75 |

**Discharge/ Exemption Issues:**

11. At the time of the filing of the case, the Debtor listed over $120,000,000.00 in unsecured debt alone. The case would take a bit of time to obtain an understanding of the nature of the Debts. In addition there were assets that were listed which claimed exemptions which were also under review by the Trustee and the creditors. Counsel for the Trustee not only reviewed and monitored the various asserted discharge issues but reviewed exemption issues and did preliminary research on the claims of the Debtor. While certain creditors took the laboring oar in these matters and saved the Estate administrative expenses Counsel for the Trustee reviewed all of the pleadings and claims to properly advise the Trustee.

In connection with the above services, IFG Chtd. expended 12.80 hours, for which it seeks compensation in the amount of $4,070.00 for fees and $00.00 in

expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 3.60 | $300.00 | $ 1,080.00 |
| IFG | 9.20 | $325.00 | $ 2,990.00 |
| TOTAL | 12.80 hours | | $4,070.00 |
| | | Expenses | $    00.00 |
| | | Total | $4,070.00 |

**Miscellaneous**

12. Counsel for the Trustee reviewed pleadings filed by various parties asserting coownership in assets; sanction and subpoena requests and miscellaneous pleadings. In addition Counsel for the Trustee examined documents for the preparation and examination of the Debtor on Trust issues, and a multitude of L.L.C (s). Counsel to the Trustee prepared certain tax letters filed a motion to limit notice for all matters.

In connection with these services, IFG Chtd. expended 11.20 hours, for which it seeks $3,605.00, in fees and reimbursement of expenses in the amount of $513.25.. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 5.90 | $300.00 | $1,770.00 |
| IFG | .80 | $325.00 | $  260.00 |
| IFG | 4.50 | $350.00 | $1,575.00 |

|  |  |  |  |
|---|---|---|---|
| TOTAL | 11.20 |  | $3,605.00 |
|  |  | Expenses | $   513.25 |
|  |  | Total | $4,118.25 |

**Retention/Compensation of Professionals**

13.    Counsel for the Trustee prepared, reviewed and finalized final compensation for Counsel to the Trustee.  Counsel for the Trustee prepared and reviewed pleadings on employment of accountants and employment of special counsel; and expansion of the scope of special counsel's representation; as well as attended all court hearings on retention.  Counsel for the Trustee prepared, reviewed and finalized the final fee petitions, exhibits and applications for the Trustee, accountants and Trustee's Counsel.

In connection with the above services, IFG Chtd. expended 13.20 hours, for which it seeks compensation in the amount of $4,477.50 for fees and $108.60 in expenses.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 1.30 hours | $300.00 | $   390.00 |
| IFG | 3.10 hours | $325.00 | $1,007.50 |
| IFG | 8.80 hours | $350.00 | $3,080.00 |
| TOTAL | 13.20 hours |  |  |
|  |  |  | $4,477.50 |
|  |  | Expenses | $ 108.60 |
|  |  | Total | $4,586.10 |

**Secured Claims**

14. Counsel for the Trustee researched and reviewed at least seven creators asserting various claims for secured status. This was critical to the administration of the case because if the secured status of these claims were to be sustained this would in all probability have been a no asset case. In addition there were asserted citations issued in State Court. Also the claims competed with each other and could have rendered any assets unavailable to the Estate. The Trustee resolved certain secured creditor claims which led the way to the potential for an asset estate which was ultimately achieved. IFG Chtd. expended 19.60 hours, for which it seeks compensation in the amount of $6,077.50 for fees. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 13.20 hours | $300.00 | $3,960.00 |
| IFG | 4.90 hours | $325.00 | $1,592.50 |
| IFG | 1.50 hours | $350.00 | $ 525.00 |
| TOTAL | 19.60 hours | | |
| | | | $6,077.50 |
| | | Expenses | $ 0.00 |
| | | Total | $6,077.50 |

## CONCLUSION

15. The rates charged by IFG Chtd. in this fee application are its usual and

customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

16. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

17. IFG Chtd. has not previously submitted a fee application in this case.

18. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $26,630.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from June 2, 2010 to March 15, 2018.

b. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $756.60 incurred in connection with such services;

b. For such other and further relief as this Court deems appropriate.

          Respectfully submitted by
          Law Offices of Ilene F. Goldstein, Chartered

          By:   /s/Ilene F. Goldstein
               One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062,
(847) 562-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 24.00 | $300.00 | $ 7,200.00 |
| IFG | 18.00 | $325.00 | $ 5,850.00 |
| IFG | 38.80 | $350.00 | $13,580.00 |
| TOTAL | 80.80 | | $26,630.00 |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Claims/ Legal Anaysis / Objections: | $8,400.00 | $134.75 | $8,534.75 |
| Discharge/ Exemption Issues | $4,070.00 | $ 00.00 | $4,070.00 |
| Miscellaneous | $3,605.00 | $ 513.25 | $4,118.25 |
| Retention/Comp. | $4,477.50 | $ 108.60 | $4,586.10 |
| Secured Claims | $6,077.50 | $ 00.00 | $6,077.50 |

**TOTAL**          **$26,630.00**          **$ 756.60**          **$27,386.60**